UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID D. KNIGHT,<br><br>    Petitioner,<br><br>    v.<br><br>DAVE DAVEY, Warden,<br><br>    Respondent. | No. 1:15-cv-00958-LJO-SKO HC<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE COURT DISMISS THE PETITION AS UNTIMELY**<br><br>**(Docs. 14 and 18)** |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss, contending that the petition is barred by the statute of limitations. In response to the motion to dismiss, Petitioner has filed a motion to stay to permit exhaustion or to dismiss unexhausted claims. Doc. 18. The undersigned agrees with Respondent and recommends that the Court dismiss the petition as untimely.

**I.     Procedural and Factual Background**

In March 1990, in Fresno County Superior Court, a jury convicted Petitioner of four counts arising from the abduction and murder of Herman Cube on December 16, 1987. The counts included: (1) first degree murder with special circumstances (Cal. Penal Code §§ 187 and 190.2(a)(17)); (2) robbery (Cal. Penal Code §§ 211 and 212.5); (3) kidnapping (Cal. Penal Code § 209(b)); and (4) burglary (Cal. Penal Code §§ 459 and 460). On August 10, 1990, the court

imposed an aggregate sentence of life without possibility of parole plus six years. It entered judgment on August 17, 1990.

Petitioner filed a timely direct appeal to the California Court of Appeals, which affirmed the conviction on April 28, 1992. The California Supreme Court denied review on July 30, 1992.

On July 6, 1994, Petitioner filed a petition in this Court for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the petition without prejudice on October 27, 1994, because of Petitioner's failure to exhaust multiple claims. On September 5, 1997, the U.S. Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed the district court's judgment.

Petitioner filed a second petition in this Court on December 26, 1995. The Court dismissed this petition without prejudice on August 13, 1996.

On November 22, 1996,[1] Petitioner filed the petition for writ of habeas corpus in the California Supreme Court. The Court denied the petition on February 26, 1997.

On April 30, 2015, the Ninth Circuit denied Petitioner's motion for authorization to file a second or successive federal habeas petition as unnecessary. The court stated, "Because . . . petitioner's prior habeas petitions were dismissed by the district court without adjudication on the merits, petitioner may file a habeas petition without obtaining prior authorization." *Knight v. Davey* (9th Cir. Apr. 30, 2015) (No. 14-73254) (Lodged Doc. 12).

On June 25, 2015, Petitioner filed the now-pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On October 28, 2015, Respondent moved to dismiss the petition as barred by the one-year statute of limitations (28 U.S.C. § 2244(d)) and for failure to exhaust state remedies (28 U.S.C. § 2254(b)). Doc. 14. On January 6, 2016, Petitioner moved to stay the petition to permit him to exhaust claims one, five, seven eight, and nine. Doc. 18.

---

[1] The Court determined the filing date of the state petition using the mailbox rule, that is, the date on which Petitioner signed his petition and presumably deposited it in the mail. *See Campbell v. Henry*, 614 F.3d 1056, 1059 (9th Cir. 2010) (deeming a *pro se* prisoner's petition to be filed when it is delivered to prison officials for mailing to the court).

## II. Statute of Limitations Bars Petition

A person in custody as a result of the judgment of a state court may secure relief through a petition for habeas corpus if the custody violates the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Williams v. Taylor*, 529 U.S. 362, 375 (2000). On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed thereafter. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997). Under the statutory terms, the petition in this case is governed by AEDPA's provisions because Petitioner filed it after April 24, 1996.

Until the passage of AEDPA, state prisoners' filings of petitions for writs of habeas corpus were not subject to a statute of limitations. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). AEDPA included a one-year statutory limitations period that runs from the latest of four dates: (1) the date judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review; (2) the date on which any impediment to filing created by government action in violation of the federal constitution or laws, was removed; (3) the date on which the Supreme Court newly recognized a federal constitutional right and made it retroactively applicable to collateral review cases; or (4) the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Filing of the federal habeas petitions of prisoners whose convictions became final before AEDPA's effective date (October 28, 1992) was generally required no later than one year after the effective date of the statute of limitations: April 23, 1997. *Miles*, 187 F.3d at 1105. Thus, Petitioner was required to file a new habeas petition, as the earlier dismissals without prejudice permitted him to do, on or before April 23, 1997.

The running of the AEDPA statute of limitations is tolled, however, for the time during which a properly filed application for State post-conviction or other collateral review is pending.

3

28 U.S.C. § 2244(d)(2). After Petitioner filed a petition for writ of habeas corpus with the California Supreme Court of November 22, 1996, running of the statute of limitations was tolled for the 96 days in which the petition was pending before the state court filed its decision on February 26, 1997. As a result, the statute of limitations for Petitioner ran for an additional 97 days past April 23, 1997, or until July 30, 1997. Petitioner's June 25, 2015, filing of the petition in this case was well beyond the expiration of the statute of limitations.

### III.     Petitioner's Motion to Stay

Because the petition is barred as untimely, the Court need not address the substance of Petitioner's motion to stay proceedings pending exhaustion of certain claims. Those unexhausted claims are also barred by the statute of limitations.

### IV.     Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

4

>    (B)  the final order in a proceeding under section 2255.
>
>    (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>    (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability when the prisoner shows "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation omitted). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's conclusion that the petition in this case is barred by the statute of limitations to be debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the undersigned recommends that the Court decline to issue a certificate of appealability.

**V.    Conclusion and Recommendation**

Because the petition in the above-captioned case was filed well beyond the end of the statutory limitations period, the undersigned recommends that the Court dismiss the petition and decline to issue a certificate of appealability.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file

written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections.  The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **January 22, 2016**                                     **/s/ Sheila K. Oberto**
                                                                                    UNITED STATES MAGISTRATE JUDGE